In the Matter of RAYMOND H. BRADFORD (Admitted as RAYMOND HUGH BRADFORD), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 22, 1990

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of this court dated May 30, 1989, the respondent was suspended from the practice of law pending the further order of this court based upon his failure to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, and by another order also dated May 30, 1989, the Grievance Committee was authorized to institute a disciplinary proceeding against him.

By motion No. 486 the petitioner moves for a hearing before a Special Referee on the issues raised by the petition containing charges of professional misconduct and any answer thereto. By motion No. 528 the petitioner moves to impose discipline upon the respondent based upon his failure to appear or answer.

The petition containing the charges and the order of suspension were served upon the respondent by leaving a copy at his home in Arizona with a family member of suitable age and by mailing copies to the respondent at his home address in Arizona. The petition was returnable before this court on July 28, 1989. The respondent failed to appear or answer. On September 1, 1989, the respondent was personally served with the petitioner's motion to impose discipline upon him based upon his failure to appear or answer. Although the respondent was served with the petition containing the charges and personally served with that motion, he has failed to respond.

The charges, generally stated, are that the respondent failed to account for funds entrusted to him to be held in escrow, neglected a legal matter entrusted to him, commingled escrow and personal funds, failed to cooperate with an investigation of the petitioner Grievance Committee, and failed to honor a judicial subpoena duces tecum.

The charges, if established, would require the disbarment of the respondent. Since the respondent has chosen not to appear or answer in this proceeding, the charges must be deemed established. The petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is therefore granted, and the motion for appointment of a Special Referee is denied as academic. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted, and the petitioner's motion for the appointment of a Special Referee is denied as academic; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Raymond H. Bradford is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Raymond H. Bradford, is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.